UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN E. BERTRAN,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES DISTRICT COURT,<br><br>  Respondent. | Case No. CV 19-10850-JAK (PD)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On March 12, 2021, the United States Magistrate Judge issued a Report and Recommendation ("Report"), which recommended that the Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. [Dkt. No. 26.] On April 5, 2021, Petitioner filed Objections to the Report. [Dkt. No. 28.]

Most of the arguments that Petitioner advances in his Objections are sufficiently addressed in the Report. However, others warrant further discussion. Each of those arguments is addressed in this Order.

**A.  Petitioner's Lack of Legal Sophistication**

Petitioner challenges the conclusions of the Magistrate Judge about

1  Petitioner's lack of diligence in learning of the denial of his state court
2  petition for review. He argues that this determination overlooks that
3  Petitioner is a layman who had no reason not to rely on his appointed counsel
4  to provide him with timely notice that the petition for review had been denied.
5  [*See* Dkt. No. 28 at 6-8]. [1]  However, Petitioner did not have to have legal
6  training to know that he could ask his appointed counsel about the status of
7  the petition for review during the nearly two-year period after which it had
8  been denied.  Further, the Ninth Circuit has held that "a *pro se* petitioner's
9  lack of legal sophistication is not, by itself, an extraordinary circumstance
10 warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th
11 Cir. 2006); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir.
12 2009) ("[W]e have held that a *pro se* petitioner's confusion or ignorance of the
13 law is not, itself, a circumstance warranting equitable tolling[.]") (citation
14 omitted).

15        Also unpersuasive is Petitioner's reliance on *Brandon v. United States*,
16 89 F. Supp. 2d 731 (E.D. Va. 2000), to support the claim that equitable tolling
17 is warranted based on his ignorance of the denial of his petition for review.
18 *Brandon* held that a petitioner who was represented by counsel at all relevant
19 times was entitled to equitable tolling during the 16-month period that he,
20 through no fault of his own, was unaware that his petition for writ of
21 certiorari had been denied.  89 F. Supp. at 734.  However, in that case, neither
22 petitioner nor his counsel had any knowledge that the petition had been
23 denied. Therefore, the petitioner could not have obtained that information
24 from his counsel had he asked.  *See id.*  Here, Petitioner's counsel knew that
25 the petition for review had been denied, and that counsel sent Petitioner a

---

[1] Petitioner asserted this argument for the first time in his Objections.  The Court exercises its discretion to consider the argument.  *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002) (district court has discretion, but is not required, to consider claims presented in party's objections to magistrate judge's report and recommendation).

2

letter providing notice of the denial within a week after it occurred. Although Petitioner contends that he never received that letter, he could have learned the outcome of his petition for review during the following, two-year period simply by contacting his counsel and inquiring about the status of the petition. He did not do so.

Further, as explained in the Report, Petitioner had good reason to inquire as to the status of his petition for review because California provides a firm, 90-day deadline for the California Supreme Court to rule on a petition for review. [Dkt. No. 26 at 6-8.] Petitioner, did not seek any information about the status of his petition for review for more than 18 months after that deadline. Under these circumstances, the Magistrate Judge correctly concluded that Petitioner's lack of knowledge regarding the denial of his petition for review does not warrant equitable tolling.

### B.   Prison Attacks on Petitioner

Petitioner also contends that the limitations period should be equitably tolled because of the "tumultuous living conditions" during his incarceration. [Dkt. No. 28 at 19-20.] Specifically, he contends that, between November 2015 and May 2018, he sustained serious injuries due to attacks by other inmates and, as a result, spent periods of time in protective administrative segregation. [*Id.* at 19-20].[2]

These allegations do not warrant equitable tolling for several reasons. *First*, three of the attacks on Petitioner occurred either well before the limitations period had commenced or long after it had expired. Although Petitioner was placed in protective administrative segregation in November 2015 and in April 2016 [*see* Dkt. No. 28 at 39-40], the latter of those events preceded the commencement of the limitations period by approximately eight

---

[2] Petitioner asserted this argument for the first time in his Objections. The Court exercises its discretion to consider the argument. *See Brown*, 279 F.3d at 744-45.

3

months. [*See* Dkt. No. 26 at 4 (limitations period commenced on December 13, 2016).] Petitioner also contends that, in connection with this incident, he was released from administrative segregation by May of 2016. That was approximately seven months before the limitations period had commenced. [*Id.* at 19.] In May 2018, he states he was again attacked by a fellow inmate and placed in protective administrative segregation [*see id.* at 42], but that attack occurred approximately six months *after* the limitations period had expired. Thus, none of these attacks or Petitioner's resulting time in protective administrative segregation warrants equitable tolling.

*Second*, that Petitioner was attacked and placed into protective administrative segregation in February 2017,[3] which is while the limitations period was running, does not warrant equitable tolling. Putting aside that Petitioner does not state how long he was in administrative segregation due to this incident, he alleges no facts to show that he was unable to obtain legal materials during that time or, more importantly, that he ever requested any such materials. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library and copy machine). Equitable tolling is available for time spent in administrative segregation only when the time period is substantial and, during that time, the prisoner is denied access to materials he needs to file a petition, despite diligent efforts to obtain those materials. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1028 (9th Cir. 2005) (equitable tolling warranted where prisoner was repeatedly denied access to requested legal materials while confined in protective administrative segregation for eleven months).

There is also no reason to conclude that Petitioner would have requested any such materials during the unspecified time he spent in

---

[3] [Dkt. No. 28 at 41.]

4

protective administrative segregation in 2017. On the contrary, his overarching argument for equitable tolling is that he took no action in filing a federal habeas petition until August 2018, when he learned that his state court petition for review had been denied almost two years earlier. Thus, the time that Petitioner spent in protective administrative segregation in 2017 does not warrant equitable tolling because, as Petitioner concedes, he would not have taken any action towards filing a federal habeas petition until August 2018.[4]

### C. Petitioner's Efforts to Obtain the Trial Court Record

Petitioner maintains that the Magistrate Judge erred in concluding that Petitioner failed to exercise reasonable diligence in attempting to obtain a preliminary hearing transcript from the criminal case against him that was dismissed due to unwarranted delay. [*See* Dkt. No. 28 at 16-18.] Although this issue was addressed in the Report [*see* Dkt. No. 26 at 11-16], the attachments to Petitioner's Objections actually buttress the reasonableness of the conclusion in the Report that Petitioner failed to exercise reasonable diligence. As noted in the Report, there is no evidence to support Petitioner's assertion that he ever requested the preliminary hearing transcript in 2015. [*See id.* at 13-14.] Petitioner concedes that he has no verifiable proof that such a request was ever made. [*See* Dkt. No. 28 at 17]. Moreover, a January 2020 letter from Petitioner's counsel confirms Petitioner's lack of diligence. In the letter, counsel states that Petitioner requested his trial transcript from her in 2015 but did not contact her again until sometime in 2020. [*See id.* at 62.] It is also significant that the letter from trial counsel shows that, in fact, she sent Petitioner a copy of his "entire file" in 2015 [*see id.*], although

---

[4] Although the Report addressed the issue, this fact also applies to Petitioner's arguments regarding the prison's infrastructure, the damage to the prison law library, and his alleged lack of access to the law library during the period in which the limitations period was running.

Petitioner maintains that -- as with appellate counsel's letter regarding the denial of the petition for review -- he never received the file. Even assuming that Petitioner did not receive the file, he has not shown that he was diligent in his efforts to obtain any missing portion of it, as he waited "five long years" after his initial request to contact his trial counsel again regarding the file. [*Id.*].[5]

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus is granted.
3. Judgment shall be entered consistent with this Order.
4. The clerk shall serve this Order and the Judgment on counsel or parties of record.

DATED: May 4, 2021

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

---

[5] During the criminal case that was ultimately dismissed due to unwarranted delay, Petitioner was represented by appointed counsel. [*See* Dkt. No. 28 at 60.] After he was later charged under a different case number, Petitioner retained counsel, who represented Petitioner throughout his trial. [*Id.* at 60-63.] Based on a letter attached to his Objections, Petitioner apparently never contacted appointed counsel to obtain the missing preliminary hearing transcript until January 2020. [*Id.* at 60.] This fact further shows that Petitioner was not diligent in attempting to obtain the transcript.